UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ALDACO FLORES,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:20-cv-01780-EPG<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(ECF No. 26) |

On February 28, 2024, Counsel Monica Perales, counsel for Plaintiff Alejandro Aldaco Flores, filed a motion for an award of attorney's fees under 42 U.S.C. § 406(b). (ECF No. 26). Plaintiff and the Commissioner of Social Security were each served with a copy of the motion. (*Id.* at 19). Plaintiff has not filed any response to the motion. On March 7, 2024, the Commissioner filed a response providing analysis regarding the fee request but taking no position on its reasonableness. (ECF No. 29). The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 11).

For the reasons set forth below, the motion for attorney's fees is granted in the amount of $15,912.00, subject to an offset of $5,366.00 in fees already awarded pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), on June 21, 2022 (ECF No. 25).

//

## I.  BACKGROUND

Plaintiff filed the complaint in this case on December 17, 2020. (ECF No. 1).

On May 5, 2022, the undersigned entered a final order reversing the Commissioner's decision, remanding for an immediate award of benefits, and entering judgment in favor of Plaintiff and against the Commissioner. (ECF Nos. 22, 23). On June 21, 2022, pursuant to the parties' stipulation, the Court entered an order awarding Plaintiff $5,366.00 in EAJA fees. (ECF Nos. 24, 25).

On remand, the Commissioner calculated Plaintiff's past-due benefits at $63,648.10[1] and 25%, *i.e.*, $15,912.03, was withheld to pay Plaintiff's representative. (ECF No. 26-3 at 3). This matter is now before the Court on counsel's motion, seeking an award of $15, 912.00. (ECF No. 23).

## II.  DISCUSSION

Under the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the [§ 406(b)] fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). Even though the § 406(b) fee award is not paid by the Government, the Commissioner "plays a part in the fee determination resembling

---

[1] Counsel's motion asserts that the past due benefits payable to Plaintiff totaled $79,560.13. (ECF No. 26 at 6; *see also* ECF No. 26 at 16 ("The Commissioner issued a notice in this matter dated January 28, 2024, indicating that the retroactive benefits total $79,560.13.")). However, the notice from the Commissioner sent to Plaintiff states as follows: "Your past-due benefits are $63,648.10 for October 2017 through April 2022. This period represents your month of entitlement through the month before May 04, 2022, the date of the federal court's favorable decision. You lawyer may ask the court to approve a fee no larger than 25 percent of past due benefits. Past due benefits are those payable through April 2022, the month before the court's decision. For this reason, we are withholding $15,912.03." (ECF No. 26-3 at 3).

that of a trustee for the claimant[]." *Gisbrecht*, 535 U.S. at 798 n. 6. The goal of awarding fees under § 406(b) was to prohibit "exorbitant fees" from being collected by attorneys but also to provide sufficient fee awards "to encourage adequate representation of claimants." *Crawford*, 586 F.3d at 1149 (internal citations omitted).

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (holding that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807; *see also Crawford*, 586 F.3d at 1148 (noting that § 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked. *Id.* (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, Counsel Perales seeks an award of $15,912.00 under 42 U.S.C. § 406(b) for 26.7 total hours of attorney and paralegal time.[2] (ECF No. 26 at 16; ECF No. 26-4). The requested amount is approximately equivalent to 25% of the past due benefits payable to Plaintiff. (ECF No. 26-3 at 3).

The fee agreement signed by Plaintiff at the outset of litigation specifically provides for a

---

[2] Based on the itemized time entries, 23.60 hours were expended by Counsel Monica Perales, while 3.10 hours were expended by three paralegals, Enedina Perez, Alexandra Rojas, and Marylin Ibarra. (ECF No. 26-4 at 1-2).

fee of "25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the Social Security Administration" as well as a "separate" fee equal to "25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court." (ECF No. 26-1). Counsel Perales states in her declaration that she does not intends to seek additional fees under 42 U.S.C. § 406(a). (ECF No. 26 at 16).

The Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which includes an award of benefits. Here, the record of 26.7 hours expended in this matter is supported by itemized time entries. (ECF No. 26-4). This time included preparing a settlement proposal, reviewing the 2417-page administrative record, and preparing an opening brief. The time expended resulted in the Court reversing the Commissioner's decision and remanding for an immediate award of benefits. There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel as counsel secured a successful result for Plaintiff. There also is no evidence that counsel engaged in any dilatory conduct resulting in delay.

Counsel's requested award of $15,912.00 for 26.7 hours of legal services, results in an approximate combined hourly rate for attorney and paralegal time of $595.95. The Ninth Circuit has found similar and higher effective hourly rates reasonable in social security contingency fee arrangements. *See, e.g., Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part). Moreover, while the requested attorney's fees award of $15,912.00 is approximately equivalent to 25% of the past-due benefits, the amount sought by Counsel does not exceed 25% of past-due benefits, i.e., $15,912.03.

In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Harris v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action fails. *Id.* Here, Plaintiff's counsel accepted the risk of loss in representing Plaintiff throughout this matter, Plaintiff agreed to the contingency fee,

and counsel successfully secured a remand and an award of substantial benefits to Plaintiff.

An award of attorney fees pursuant to § 406(b) in the amount of $15,912.00 is thus appropriate. An award of § 406(b) fees, however, must be offset by any prior award of attorney fees granted under the EAJA. *See* 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Counsel was previously awarded $5,366.00 in fees pursuant to the EAJA; as such, the § 406(b) award will be offset by $5,366.00.

## III.   CONCLUSION AND ORDER

For the reasons stated above, IT IS ORDERED that the motion for attorney fees (ECF No. 26) under 42 U.S.C. § 406(b) is GRANTED as follows:

1. The Commissioner is directed to certify the fee of $15,912.00 payable to the Law Offices of Lawrence D. Rohlfing, Inc., CPC out of Plaintiff's past-due benefits in accordance with agency policy.

2. Plaintiff's counsel is directed to reimburse Plaintiff $5,366.00 for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d) upon the receipt of these fees.

3. Plaintiff's counsel is directed to serve a copy of this Order on Plaintiff and shall thereafter file a certificate of service on the docket.

IT IS SO ORDERED.

Dated:   __**March 14, 2024**__                  ___/s/ Erica P. Grosjean___
                                                          UNITED STATES MAGISTRATE JUDGE